# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 6, 2015          Decided April 17, 2015

No. 14-7014

LOUIS P. CANNON, ET AL.,
APPELLANTS

v.

DISTRICT OF COLUMBIA,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cv-00133)

*Matthew A. LeFande* argued the cause and filed the briefs for appellants.

*Richard S. Love*, Senior Assistant Attorney General, Office of the Attorney General for the District of Columbia, argued the cause for appellee. With him on the briefs were *Irvin B. Nathan*, Attorney General, at the time the brief was filed, Office of the Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General.

Before: KAVANAUGH, MILLETT, and WILKINS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Plaintiffs are retired officers of D.C.'s Metropolitan Police Department. After retiring, they were subsequently re-hired by the D.C. Protective Services Division, which protects government buildings and D.C.-owned property.

Plaintiffs received pension benefits from their service with the Metropolitan Police Department *and* salaries for their jobs with the Protective Services Division. But Section 5-723(e) of the D.C. Code requires the D.C. Government to reduce plaintiffs' salaries by the amount of their pensions. The goal of that statute is to prevent so-called double-dipping by D.C. government employees who retire and then are re-hired back into another D.C. government job.

Pursuant to that statutory provision, D.C. reduced plaintiffs' salaries by the amount of their pensions. In response to their salary reduction, plaintiffs sued D.C. under a variety of theories. In an earlier round in this Court, we considered plaintiffs' claims under the federal Fair Labor Standards Act, the First Amendment, the Fifth Amendment, and the Equal Protection Clause. We ruled in favor of the plaintiffs on the Fair Labor Standards Act claim, ruled in favor of D.C. on the remaining constitutional claims, and remanded for further proceedings. *See Cannon v. District of Columbia*, 717 F.3d 200 (D.C. Cir. 2013).

Plaintiffs' victory on the FLSA claim gave them only partial relief and did not fully restore their salaries. On remand, still seeking to fully restore their salaries, plaintiffs therefore filed an amended complaint that asserted a new federal claim: that D.C.'s salary reduction provision violates

the federal Public Salary Tax Act of 1939. *See* Pub. L. No. 76-32, § 4, 53 Stat. 574, 575 (1939) (codified as amended at 4 U.S.C. § 111(a)). The District Court rejected that argument, and so do we.[1]

As relevant here, the Public Salary Tax Act allows States and D.C. to impose "taxation" on compensation paid to employees of the Federal Government, but only so long as the taxation does not discriminate against Federal employees as compared to state and local government employees, for example. 4 U.S.C. § 111(a).[2] Plaintiffs' theory here is as follows: They say that their pensions from the D.C. Metropolitan Police Department are actually *federal* compensation (due to the complex interaction of the Federal and D.C. Governments in funding those pensions). And they say that D.C., by means of this salary reduction provision, is in effect taxing plaintiffs' federal pensions in a discriminatory manner in violation of the Public Salary Tax Act.

Plaintiffs' argument under the Public Salary Tax Act has a plethora of potential problems. One initial (and in this case dispositive) problem with plaintiffs' novel theory is that the

---

[1] Some of the plaintiffs no longer work with the Protective Services Division, but plaintiffs are suing for damages as well as forward-looking injunctive relief.

[2] The full text of the relevant provision reads: "The United States consents to the taxation of pay or compensation for personal service as an officer or employee of the United States, a territory or possession or political subdivision thereof, the government of the District of Columbia, or an agency or instrumentality of one or more of the foregoing, by a duly constituted taxing authority having jurisdiction, if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation." 4 U.S.C. § 111(a).

4

Act applies only to "taxation." And the D.C. salary reduction provision at issue here is not "taxation" of plaintiffs' pensions.

As a general matter, taxes are a "charge," usually "monetary, imposed by the government on persons, entities, transactions, or property to yield public revenue." Black's Law Dictionary 1685 (10th ed. 2014). That basic definition is longstanding. The edition of Black's Law Dictionary in effect when the Act was passed in 1939 defined "taxation" as an exaction imposed by the government "for the purpose of providing revenue for the maintenance and expenses of government." Black's Law Dictionary 1707 (3d ed. 1933). A contemporaneous edition of Webster's concurred, defining "taxation" as "the raising of revenue by the imposition of compulsory contributions; also, a system of so raising revenue." Webster's New International Dictionary 2587 (2d ed. 1934). As far back as *McCulloch v. Maryland*, the Supreme Court has understood the power to tax as the power "of raising revenue, and applying it to national purposes." *McCulloch v. Maryland*, 17 U.S. 316, 409 (1819). One of the few Supreme Court cases interpreting the Public Salary Tax Act similarly indicates that revenue raising is a hallmark of "taxation" under the Act. In *Jefferson County v. Acker*, 527 U.S. 423 (1999), the Supreme Court concluded that a license fee imposed on judges was "revenue-raising" and constituted taxation for purposes of the Public Salary Tax Act. *Id.* at 440-42.

Here, D.C.'s salary reduction provision is not a tax. It does not raise revenue. Rather, it operates on the opposite side of D.C.'s financial ledger. It reduces D.C.'s total expenditures on salaries. In particular, it decreases employees' salaries by the amount of their pensions from prior service in the D.C. government. Moreover, the

reduction takes effect when the employee's salary is initially computed by the Protective Services Division. The salary reduction is thus not collected "through the normal means of taxation," which is yet another indication that this is not taxation for purposes of this Act. *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566, 2596, slip op. at 36 (2012).

The salary reduction statute, in short, is nothing more than a way for D.C. to prevent so-called double-dipping and thereby reduce its expenditures on employee salaries. It is not a tax on plaintiffs' pensions. We therefore reject plaintiffs' novel Public Salary Tax Act argument.[3]

In this second appeal, plaintiffs also renew the due process and takings claims that we found unavailing on their last trip to this Court. The law of the case doctrine bars us from reconsidering those holdings. *See PNC Financial Services Group, Inc. v. Commissioner of IRS*, 503 F.3d 119, 126 (D.C. Cir. 2007).

Finally, plaintiffs contend that the District Court erred by declining to exercise jurisdiction over their separate D.C. law claims. (Plaintiffs' complaint tacked on several D.C. law claims to their numerous federal claims.) Plaintiffs primarily argue that D.C. Code § 1-815.02 gives federal courts "exclusive jurisdiction" over claims related to the payment of their pensions. But the salary reduction provision does not affect the amount or payment of plaintiffs' pensions. It affects only the amount of their salaries. *See* D.C. Code § 5-723(e) ("the *salary* of any annuitant . . . shall be reduced by"

---

[3] To be clear, we do not here purport to say what constitutes a tax under any other statute.

the amount "of such annuitant's annuity") (emphasis added). Alternatively, plaintiffs contend that the District Court abused its discretion by declining to exercise supplemental jurisdiction over plaintiffs' D.C. law claims. Federal district courts may decline to exercise supplemental jurisdiction if, among other things, "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). Plaintiffs' D.C. law claims appear to be novel. Our review of the District Court's declination of supplemental jurisdiction is deferential. We conclude that the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over plaintiffs' D.C. law claims.[4]

\* \* \*

We affirm the judgment of the District Court.

*So ordered.*

---

[4] The District Court transferred the remaining D.C. law claims to the Superior Court. D.C. did not cross-appeal to argue that those claims should have been dismissed rather than transferred. Therefore, we do not consider the propriety of the transfer.